Opinion by
Hurt, J.
§ 562. Pleadings in justice’s court and on appeal to county court may be oral; case stated. Moore, Stratton & Co. executed their note to Ayres & Cannon for $1,428.22, due June 4, 1882. On December 29, 1883, the principal *498 of the note was paid, but the interest, amounting to $175.49, was not paid. Moore, Stratton & Co., when the note fell due, obtained an extension of time for the payment thereof for one hundred and twenty days, agreeing to pay interest. Before the institution of this suit, Mensing, Stratton & Co. succeeded the firm of Moore, Stratton & Co., assuming all the liabilities of the latter firm. This suit was instituted by Ayres & Cannon, as agents for Boas & Thompson, against Mensing, Stratton & Co., in justice’s court, upon an account, to recover the interest upon said note at eight per cent, per annum from the time said note became due to the date of the institution of the suit, amounting to $175.49, and judgment was rendered in their favor therefor; and upon appeal to the county court the result was the same. Appellants demurred to the account sued on, because it showed no privity of contract between plaintiffs and defendants with respect to the subject-matter of the suit. This demurrer was overruled. Held: Pleadings in justice’s court are not required to be in writing, but may be oral, and the facts necessary to entitle a party to recover may be proved- without being alleged in a written pleading, except certain matters specially required by statute to be pleaded in writing. And a party, on appeal taken to the county, court, is not deprived of the benefit of his oral pleadings in the justice’s court, nor of his right to plead orally in the county court. [W. & W. Con. Rep. § 891.] There was no error in overruling the defendants’ demurrer to the account.
§ 563. Evidence; note admissible to prove account for interest. It was not error to admit the note in evidence. This suit is to recover the interest due on the note, and whether the claim for such interest arose by special agreement of the parties or not, it arose upon the note, and therefore the note was pertinent and competent evidence in support of such claim.
§ 564. Presentation of note■ for payment at a particular place; waiver of such presentation. The note was. *499 made payable at the office of Moore, Stratton & Co. When the note matured, they obtained an extension of time for the payment thereof. Held, that this was a waiver on their part of any right they may have had to have the note presented for payment at their office; and that as Mensing, Stratton & Co. had assumed all the liabilities of Moore, Stratton & Co., the former were bound by such waiver, and were not relieved from their liability for the interest because of a failure to present the note for payment at the place designated.
February 25, 1885.
§ 565. Legal holder of note entitled to sue, etc. Ayres & Cannon were the legal holders of the note and claim for interest, and were entitled to sue and recover judgment in their own name, although the equitable title may have been in Boas & Thompson. There is no error -in the judgment in this respect.
Affirmed.